IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01762-RPM

HEALTHTRIO, INC.,
a Delaware corporation,

        Plaintiff,

v.

RALPH A. KORPMAN and
KORPMAN MEDICAL GROUP, INC.,
a California corporation,

        Defendants.

_____

ORDER FOR TRANSFER
_____

This litigation began on March 1, 2005, when HealthTrio, Inc., ("HealthTrio") sued Ralph A. Korpman, M.D., ("Korpman") and Korpman Medical Group, Inc., ("KMGI") in the Davidson County Chancery Court in Nashville, Tennessee.  On the same day Korpman and others sued HealthTrio, Mark Hasan, M.D., ("Hasan") and Dennis Scruggs in the Superior Court in Los Angeles County, California.  The Tennessee court dismissed on grounds of *forum non conveniens* and the plaintiff in that action filed the complaint in this case on September 12, 2005, and an amended complaint on October 14, 2005.  In that pleading, HealthTrio alleges that it is a Delaware corporation with its principal place of business in Colorado and that Korpman is a domicilliary and resident of Tennessee with KMGI to be a California corporation with a principal place of business outside of Colorado.

With the exception of the First Claim for Relief for a violation of Sec. 10(b) of the Securities Exchange Act and Rule 10b5 thereunder, all of the other claims for relief are under Colorado law with jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.

On November 23, 2005, Korpman and KGMI filed a motion to dismiss the entire amended complaint for lack of personal jurisdiction, Rule 12(b)(2), for improper venue, Rule 12(b)(3) and to dismiss the First Claim and a claim for violation of the Colorado Securities Act (Second Claim for Relief), for insufficient pleading Rule 12(b)(6). Alternatively, the defendants ask for a transfer of this action to the Central District of California under 28 U.S.C. § 1404(a) or § 1406(a).

There is a factual dispute concerning the citizenship and residence of Korpman who has multiple residences in Tennessee, California and New York.  There is also a factual dispute concerning the principal place of business of the plaintiff HealthTrio. The plaintiff's claims arise from a time when Korpman was an investor, a director and the President and CEO of HealthTrio.  The defendants assert that during that time the business of the company was primarily conducted in Tennessee, California and Arizona.  In July, 2004,  the Board of Directors appointed Dennis Scruggs as Chief Financial Officer to investigate Korpman's conduct of the business, resulting in the removal of Korpman and the conduct of the business affairs moved to an office in Colorado.  At the time of filing of this action, the principal place of HealthTrio's business appears to have been in Colorado.

In the briefing on the defendants' motions and at the hearing on April 12, 2006,

there was uncertainty about the status of the litigation in Los Angeles and the parties were directed to submit pleadings from that case. A joint submission was filed, attaching a copy of a Second Amended Cross-Complaint, filed on April 10, 2006, by HealthTrio against Korpman, KMGI, former employees of HealthTrio and business entities competing with HealthTrio. That pleading alleges twenty claims for relief in 87 pages. A comparison of that pleading with the amended complaint in this action results in the conclusion that in California the same conduct is described as to Korpman and KMGI with additional allegations as to them and the other cross-defendants.

The California amended cross-complaint does not include the securities claims contained in the First and Second Claims for Relief in this action, the sufficiency of which has been challenged by the Rule 12(b)(6) motion.

The defendants' motion to dismiss for lack of personal jurisdiction cannot be determined from the papers filed. An evidentiary hearing would be required to resolve the disputed questions of fact. That is also true of the legal question of proper venue for claims other than the Federal Securities law claim, the sufficiency of which is questionable. There is no question as to jurisdiction or venue in the Central District of California. A transfer of this case to that court will serve the best interest of the parties and the interest of justice in coordinating this litigation with the action in the Los Angeles Superior Court. Because this action will be transferred, no ruling is made here on the Rule 12(b)(6) motion challenging the sufficiency of the First and Second Claims for Relief.

Upon the foregoing, it is

ORDERED that this civil action is transferred to the United States District Court for the Central District of California.

DATED: April 24th, 2005

                                                  BY THE COURT:

                                                  s/Richard P. Matsch
                                                  _____
                                                  Richard P. Matsch
                                                  Senior District Judge